UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMILEE HOLLINGSHEAD and
BERNADETTE ST. GEORGE,

        Plaintiffs,

   v.

KATHRYN PELKEY and INNER
CONVERSATION LLC,

        Defendants.
_____

**ORDER**

6:24-CV-06507 EAW

      Plaintiffs Emilee Hollingshead and Bernadette St. George ("Plaintiffs") have sued defendants Kathryn Pelkey ("Pelkey") and Inner Conversation LLC ("Inner Conversation") for unpaid wages and retaliation under the Ohio Minimum Fair Wage Standards Act and the California Labor Code and Industrial Welfare Commission Wage Order No. 9-2001. (Dkt. 1). On September 9, 2024, Pelkey filed an answer and counterclaims (Dkt. 7) and five motions: a motion to dismiss (Dkt. 8); a motion for "ADA accommodations" (Dkt. 9); a motion for leave to proceed *in forma pauperis* (Dkt. 10); a motion for a subpoena (Dkt. 11); and a motion for permission to submit documents electronically (Dkt. 12). On September 16, 2024, Plaintiffs filed a "letter motion" to stay all the deadlines in this case pending mediation. (Dkt. 13).

      As an initial matter, the Court notes that Pelkey appears to be trying to represent Inner Conversation in this matter. "[A] limited liability company . . . may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir.

2007).  This rule includes "sole member or solely-owned limited liability companies." *Id*. Pelkey, who is not an attorney, may not represent Inner Conversation in this action.  Inner Conversation may appear only through a licensed attorney.  If it fails to do so, it may be deemed to be in default.

Turning to Pelkey's motions, the Court denies Pelkey's motion to dismiss.  (Dkt. 8). Pelkey's motion to dismiss is premised on her assertion that Plaintiffs were independent contractors and not employees, but that is a factual dispute not amenable to resolution at this stage of the proceedings.  Further, Pelkey has failed to comply with this Court's Local Rules of Civil Procedure, which require all motions to dismiss to be accompanied by a memorandum of law.  Loc. R. Civ. P. 7(a)(1)(A).  "Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party."  *Id*. While the Court does not deny Pelkey's motion solely on this ground and has reviewed it on the merits, Pelkey is advised that her *pro se* status does not excuse her from complying with the Federal Rules of Civil Procedure and this Court's Local Rules.

The Court denies without prejudice Pelkey's motion for leave to proceed *in forma pauperis*, because the accompanying financial affidavit is not signed.  (*See* Dkt. 10 at 4). To establish her entitlement to proceed *in forma pauperis*, Plaintiff bears the burden of establishing her indigence. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). An unsigned affidavit is insufficient to satisfy that burden.

The Court declines to rule on Pelkey's remaining motions at this time.  Instead, the Court will—by separate order—refer the matter to a magistrate judge, who can set a schedule and resolve the remaining motions in due course.

The Court denies Plaintiffs' letter motion for a stay. (Dkt. 13). This letter motion does not comply with the Local Rules, which state that "[a] notice of motion is required for all motions[.]" Loc. R. Civ. P. 7(a)(1). Counsel is expected to be familiar with the Court's Local Rules. Further, Plaintiffs' letter motion fails to provide a good reason to stay the deadlines in this case. Pursuant to this District's Alternative Dispute Resolution Plan ("ADR Plan"), all civil cases filed in this District—with limited exceptions not applicable here—are automatically referred to alternative dispute resolution. This automatic referral ordinarily "has no effect on the scheduled progress of the case toward trial." ADR Plan § 4.1(C). Plaintiffs have identified nothing about this case that would exempt it from this general rule.

For these reasons, is hereby ORDERED that Pelkey's motion to dismiss (Dkt. 8), Pelkey's motion for leave to proceed *in forma pauperis* (Dkt. 10), and Defendants' letter motion for a stay (Dkt. 13) are denied. The Court will refer this matter to a magistrate judge, who will resolve Pelkey's remaining motions in due course.

SO ORDERED.

                                        ELIZABETH A. WOLFORD
                                        Chief Judge
                                        United States District Court

Dated: September 27, 2024
       Rochester, New York